J-S91025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH EDWARD SANCHEZ | |
| Appellant | No. 756 MDA 2016 |

Appeal from the Judgment of Sentence April 25, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000571-2015

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:  **FILED FEBRUARY 21, 2017**

Appellant, Joseph Edward Sanchez, appeals from the April 25, 2016, judgment of sentence of twelve and one-half years to twenty-seven years of incarceration. We affirm.

On January 20, 2016, a jury convicted Appellant of aggravated indecent assault and related charges[1] as a result of the ongoing sexual abuse of his ten-year-old daughter. **See** Notes of Testimony (N. T.), 1/20/16, at 23-38. D.M. stated that the abuse began in November 2013, and continued on a weekly basis through February 2015. **Id.** D.M.

---

[1] Appellant was convicted of aggravated indecent assault, 18 Pa.C.S. § 3125(b); two counts of unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1); three counts of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); indecent assault, 18 Pa.C.S. § 3126(b)(3)(ii); and one count of endangering the welfare of children, 18 Pa.C.S. § 4304(a)(1).

[*] Former Justice specially assigned to the Superior Court.

disclosed the abuse after Appellant was arrested for assaulting his partner, D.M.'s mother. N. T. at 39-41, 67-74. D.M. explained that she had not disclosed earlier because Appellant had threatened to hurt her. *Id.* Appellant testified in his own defense and denied assaulting D.M. *Id.* at 102.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Herein, Appellant presents two issues for our review:

1. Did the [c]ourt below err in admitting evidence of prior bad acts pursuant to the Commonwealth's 404(b) motion, specifically prior incidents of domestic violence wherein Appellant allegedly struck the alleged victim's mother, in order to show *res gestae* and lack of prompt complaint?

2. Did the [c]ourt below err in not declaring a mistrial when a Commonwealth witness suggested during her testimony that the appellant was selling controlled substances illegally out of their home?

Appellant's Brief at 4.

First, Appellant claims the trial court erred in granting the Commonwealth's motion to introduce evidence of other bad acts. *See* Appellant's Brief at 8. Appellant argues that this evidence was not necessary, as there was no extended delay, isolation of the victim, or pervasive climate of fear. *Id.* at 9. Further, Appellant avers that the prejudicial effect of this testimony outweighed its probative value. *Id.*

Further background is required to explain this issue. Prior to trial, the Commonwealth filed a motion for admission of other acts evidence pursuant

- 2 -

to Pa.R.E. 404(b) to show the *res gestae* of the case and to explain that D.M. had delayed reporting the sexual abuse due to fear of being beaten with a belt. **See** Pa.R.E. 404(b) Motion, 9/11/15, at 1-7. Specifically, the Commonwealth sought to introduce evidence that Appellant had been arrested in connection with a domestic violence incident where he assaulted S.M., D.M.'s mother. **Id.** The trial court granted this motion and allowed the testimony.

We examine a trial court's decision concerning the admissibility of evidence for an abuse of discretion. **Commonwealth v. Dengler**, 890 A.2d 372, 379 (Pa. 2005). Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person, but may be admissible for a purpose other than criminal propensity, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. **Commonwealth v. Dillon**, 925 A.2d 131, 136-37 (Pa. 2007); **see also** Pa.R.E. 404(b). Additionally, per the *res gestae* exception, prior bad acts are admissible to furnish the context or complete story of the events surrounding the crime, and, in sexual assault cases, to explain the lack of prompt complaint. **Id.**

In **Dillon**, the victim was sexually abused over a three-year period, but delayed reporting until three years later. **See Dillon**, 925 A.2d 131, 133-34. The **Dillon** Court found that the victim's fear of physical abuse, isolation from other family members, and general fear of Appellant was

relevant to the matter at hand. ***Id.*** at 141-42. The Court also found that information more probative than prejudicial to explain the delay in reporting. ***Id.*** at 141-42. Appellant attempts to distinguish ***Dillon*** by pointing to minor factual dissimilarities in the cases, but these attempts are unavailing. We discern no abuse of discretion in the trial court's decision to admit this evidence, nor its conclusions that the testimony explained D.M.'s submission to the abuse due to her fear of physical harm. ***See Dengler***, 890 A.2d at 379.

Next, Appellant claims the court erred in not granting a mistrial following D.M.'s testimony that Appellant "smoked [the] stuff that he would sell." ***See*** Appellant's Brief at 11-12. Appellant argues that the taint of alleged drug-dealing could not be removed by a curative instruction and deprived him of a fair trial. ***Id.*** at 7.

A trial court may remove the taint caused by improper testimony through curative instructions and must consider all surrounding circumstances before finding the curative instructions sufficient. ***Commonwealth v. Manley***, 985 A.2d 256, 266–67 (Pa. Super. 2009). "Circumstances the court must consider include whether the improper remark was intentionally elicited by the Commonwealth, whether the answer was responsive to the question posed, whether the Commonwealth exploited the reference, and whether the curative instruction was appropriate. ***Manley***, 985 A.2d at 266-267. Absent evidence to the contrary, the law

presumes that juries follow the instructions of the court. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1184 (2011).

In the instant case, Appellant attempted to establish on cross-examination that D.M. had fabricated the accusations. N. T. at 59. Specifically, Appellant asked D.M. if Appellant had smoked in the house, and D.M. admitted that she did not like when Appellant smoked. ***Id.*** D.M. clarified that the smell gave her a headache. ***Id.*** On redirect, the Commonwealth asked what Appellant smoked, and D.M. replied that he "smoked [the] stuff that he would sell." ***Id.*** Counsel immediately objected. The court sustained Appellant's objection and issued a curative instruction, but the court denied counsel's request for a mistrial. The curative instruction was as follows:

> Ladies and gentlemen, I have sustained the objection. You are to completely disregard the question and the answer in deliberating towards a verdict in this matter. The question and the answer is not relevant. Please be aware to keep your sights focused on what your obligation is, and that is to determine the facts and apply those facts to the instructions to the [c]ourt on matters of law which are given to you.
>
> Any attempt to show bad conduct or misconduct on behalf of any party is really not relevant to that consideration. Your only consideration is the elements charged by the Commonwealth and whether or not they have been factually proven. Thank you.

N. T. at 62. In the instant case, Appellant's counsel opened the door to any testimony regarding smoking through cross-examination. The answer was not intentionally elicited by the Commonwealth, and per ***Manley***, the instructions were sufficient to avoid prejudicing the jury. Appellant cannot

point to evidence that the jury did not follow the court's instructions and, accordingly, is not entitled to relief. **See Chmiel**, 30 A.3d at 1184.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017